## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

BRYANE SANDOVAL,

      Applicant,

v.                                    No. CV 14-191 KG/CG

JAMES JANECKA, et al.,

      Respondents.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Bryane Sandoval's *Petition* pursuant to 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, filed on February 21, 2014, (Doc. 1), and Supplemental Pleadings filed on March 26, 2014, July 7, 2014, and July 16, 2014, respectively, (Docs. 10, 14, & 15), (together the "Petition")[1]; and *Respondents' Answer to* Pro Se *Petitioner Bryane Sandoval's Petition for Relief under 28 U.S.C. § 2254 [DOC. 1]* ("Answer"), filed on March 27, 2014 (Doc. 9). Also before the Court are Petitioner's motions for appointment of counsel, (Doc. 3), for an evidentiary hearing, (Doc. 4).

Petitioner was convicted of two counts of fourth-degree battery, and seeks federal habeas relief on the basis that his conviction was obtained in violation of federal law and the Constitution of the United States. (Doc. 1 at 1–15). Mr. Sandoval initially raised four different claims in his Petition, alleging that: (1) he received disparate treatment in violation of the Due Process Clause and Equal Protection Clause; (2) there was insufficient evidence to convict him of any crime; (3) he was not tried by a fair and

---

[1] The Court construes these filings as requests to supplement the Petition, which will be granted because it is in the interest of justice to do so. The Court must construe the Petitioner's pleadings liberally because he is not represented by an attorney. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

impartial jury, which violated his due process rights; and (4) his trial, appellate, and post-conviction counsel were ineffective.

Respondents James A. Janecka and Gary K. King contend that Petitioner has not suffered a violation of any federal law or federal constitutional provision to mandate the granting of federal habeas relief. (Doc. 9 at 5). Respondents further maintain that the Petition is a 'mixed' habeas petition, because the fourth ground for relief is an unexhausted claim. Respondents request that the Petition be dismissed in its entirety, or that Petitioner be required to dismiss the unexhausted claim in order to proceed. *Id.* at 9–11. After Respondents filed their Answer, Petitioner notified the Court of his intention to dismiss his third and fourth grounds for relief. (Doc. 15 at 6). Respondents did not thereafter file an amended answer or responsive pleading.

United States District Judge Kenneth Gonzales referred this case to the Court to make findings of fact, conduct legal analysis, and recommend an ultimate disposition. (Doc. 5). Having reviewed the pleadings, the entire state court record, and relevant law, the Court recommends that the Petition be denied, and that a certificate of appealability also be denied.

## I.    Background

On May 1, 2012, a New Mexico state court jury convicted Petitioner of the fourth-degree felonies of battery upon a health care worker and battery upon a peace officer. (Doc. 9, Ex. A). The convictions were the result of an altercation that occurred on November 18, 2011 at the Four Winds Recovery Center, between Petitioner, a healthcare worker at the Center, and a police officer who had transported Petitioner to

the Center for detoxification. (Doc. 9, Ex. C at 1–2). Petitioner was subsequently sentenced to a term of five and one-half years of imprisonment, with one year suspended. (Doc. 9, Ex. A at 3).

Petitioner, represented by counsel, appealed to the New Mexico Court of Appeals ("NMCA"). (Doc. 9, Exs. B & C). The sole issue presented to the NMCA was whether there was sufficient evidence to convict Petitioner of both counts of battery. (Doc. 9, Ex. C at 4). The NMCA subsequently entered a proposed summary affirmance of the state district court's judgment, denying Petitioner's appeal. (Doc. 9, Ex. D). Petitioner filed *Defendant-Appellant's Memorandum in Opposition to Proposed Summary Affirmance and Motion to Amend the Docketing Statement* ("Proposed Amendment") with the NMCA, requesting amendment of his docketing statement to supplement his sufficiency of the evidence claim and include three new issues for appellate review.[2] (Doc. 9, Ex. E). On October 12, 2012, the NMCA denied Petitioner's request to amend, and held that there was sufficient evidence to support Petitioner's conviction. (Doc. 9, Ex. F).

Petitioner then filed a petition for writ of certiorari with the New Mexico Supreme Court, claiming that the jury was improperly instructed on the elements of battery, there was insufficient evidence to support Petitioner's convictions, Petitioner received ineffective assistance of trial counsel, and the jury-selection process was rife with errors in violation of his due process rights. (Doc. 9, Ex. G). The New Mexico Supreme Court summarily denied the petition on January 2, 2013. (Doc. 9, Ex. H). Petitioner moved for rehearing, arguing that he had been denied equal protection under the law because the

---

[2] Petitioner attached the Proposed Amendment to the Petition, and referred to it generally as containing facts to support all four of his grounds for relief. (Doc. 1 at 15–30).

trial court committed fundamental error by improperly instructing the jury on the essential elements of the battery counts. (Doc. 9, Ex. I). The New Mexico Supreme Court denied Petitioner's request for rehearing on January 29, 2013. (Doc. 9, Ex. J).

On January 27, 2014, Petitioner, represented by counsel, filed a petition for writ of habeas corpus with the New Mexico state district court. (Doc. 9, Ex. M). Petitioner seeks state habeas relief on the basis that the jury was improperly instructed on the essential elements of battery, Petitioner did not receive effective assistance of counsel, and Petitioner was denied equal protection under the law. *Id.* The Court ordered Respondents to produce the entire state court record and provide the status of Petitioner's state habeas action. (Doc. 11). Respondents subsequently filed the state court record, (Doc. 12), and notified the Court that Petitioner's state habeas case was progressing. (Doc. 13). Petitioner informed the Court on July 7, 2014 of his decision to simultaneously pursue habeas relief in both state and federal court. (Doc. 14). He contends that his federal claims are separate and distinct from those asserted in his state habeas petition. *Id.*

## II.    Analysis

Petitioner currently asserts two grounds for federal habeas corpus relief.[3]  First, he maintains that he received disparate treatment in violation of the Due Process Clause and Equal Protection Clause; and second, he argues that there was insufficient evidence to convict him of any crime. Respondents maintain that Petitioner is not entitled to federal habeas relief on either claim.

The Court will first review the two grounds for relief that are currently at issue.

---

[3]  As explained above, Petitioner stated his intention to dismiss his third and fourth grounds for relief.

Then the Court will determine the propriety of Petitioner's request to dismiss the third and fourth grounds, because a court order dismissing those claims is required under these circumstances.

    A.    _Standard of Review_

This Court's ability to consider collateral attacks of state criminal proceedings is circumscribed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). "The conventional understanding of 'collateral attack' comprises challenges brought under . . . 28 U.S.C. § 2241, 28 U.S.C. § 2254, 28 U.S.C. § 2255, as well as writs of coram nobis." _United States v. Chavez-Salais_, 337 F.3d 1170, 1172 (10th Cir. 2003). Under the highly deferential standard set forth in the AEDPA, if Petitioner's claims have been decided on the merits in state court proceedings, then the federal habeas court may only grant relief under two circumstances: (i) if the State court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (ii) if the State court decision "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

A state court decision is "contrary to" clearly established precedent when: (i) "the state court applies a rule that contradicts the governing law set forth in our cases," or (ii) "the state court confronts a set of facts that are materially indistinguishable from a decision of the [U.S. Supreme Court] and nevertheless arrives" at a different result. _See Williams v. Taylor_, 529 U.S. 362, 405, 406 (2000). "[A] federal habeas court may grant

the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *Id.* at 411; *see also Thomas v. Gibson*, 218 F.3d 1213, 1220 (10th Cir. 2000) (discussing *Williams*). A state court's factual determination shall be presumed to be correct, unless the § 2254 petitioner can rebut that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Smith v. Mullin*, 379 F.3d 919, 924–25 (10th Cir. 2004).

   B.   <u>Ground One: Does Not State Adequate Grounds for Habeas Relief</u>

   As his first ground for relief, Petitioner alleges he received "disparate treatment," resulting in the violation of his equal protection and due process rights, as secured by the Fourteenth Amendment, the New Mexico Detoxification Reform Act, and federal antitrust policy.[4] (Doc. 1 at 5; Doc. 15 at 5). In support of this claim, he states that "[t]he Courts retroactively applied a decision absent petitioners (sic) who was similarly situated the same. See attachments." He also provides a litany of citations to opinions and orders entered by various federal courts and New Mexico state courts. (Doc. 1 at 5; Doc. 10; Doc. 14; Doc. 15 at 2–4).

   Both the AEDPA and the PLRA provide for preliminary judicial screening of habeas petitions. *Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1087 (10th Cir. 2008). Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts

---

[4] Petitioner further elaborates in a Supplemental Pleading that the Federal Public Health Service Act and the Civil Rights Act of 1964 are implicated because of unspecified federal funding issues. (Doc. 14 at 3).

("§ 2254 Rules") instructs the Court to conduct a preliminary review of a § 2254 habeas petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Cf. Ochoa v. Sirmons*, 485 F.3d 538, 545 (10th Cir. 2007) (noting that Rule 4 permits district courts to "engage in a merits screening of all habeas petitions."). The Court is permitted to consider the Petition and all pertinent matters in the record as part of its Rule 4 review. *See Whitmore v. Parker*, No. 11-6317, 484 Fed. Appx. 227, 231 (10th Cir. June 7, 2012) (unpublished).

The habeas petition must comply with the "heightened pleading" standard in accordance with the § 2254 Rules. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Rules 2(a) through 2(c) set forth the minimum pleading requirements for the content of a § 2254 petition. In accordance with Rule 2(c),

> [t]he petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Thus, the habeas petitioner is required to summarily plead specific facts to support each of his grounds for relief. The Court is authorized to summarily dismiss any habeas claims that appear legally insufficient on their face if the habeas petitioner fails to satisfy the pleading requirement. *McFarlan*d, 512 U.S. at 856.

Petitioner contends that his due process and equal protection rights were violated because of "disparate treatment." As factual support, he explains that the courts retroactively applied a decision "absent petitioners (sic) who was similarly situated the same," and directs the Court to review the entire Proposed Amendment, which he attached to the Petition. (Doc. 1 at 5). Petitioner also provides the Court with a litany of

7

citations to court opinions and orders, but does not explain how the holdings in those cases relate to his own.[5] He asserts that a criminal defendant's right to a fair trial is guaranteed by the Due Process Clause, and maintains that an impermissible jury instruction may result in the violation of that right. (Doc. 10 at 1) (citing *Drope v. Mo.*, 420 U.S. 162 (1975)).

None of these allegations provide the necessary factual support for his claim that his constitutional rights were violated as a result of "disparate treatment." Petitioner fails to even demonstrate how he was the recipient of disparate treatment. Rule 4 requires dismissal of a habeas petition when the petitioner "fails to allege facts that state a constitutional violation". *Boutwell v. Keating*, 399 F.3d 1203, 1211 (10th Cir. 2005). Therefore, the Court cannot find that Petitioner provides the specific factual support required to satisfy the heightened pleading requirement as to his first ground for relief.

Petitioner directs the Court to the Proposed Amendment for additional factual support for his claim. As explained above, Petitioner filed the Proposed Amendment on direct appeal with the NMCA. The Proposed Amendment contains additional arguments that Petitioner's constitutional rights were violated, including his due process and equal protection rights, and legal analysis of many of the same cases that Petitioner cites in the Petition.

However, the Court will not consider the Proposed Amendment in reviewing the Petition under Rule 4. The U.S. Supreme Court has cautioned that,

> a state prisoner does not 'fairly present' a claim to a state court if that court
> must read beyond a petition or a brief (or a similar document) that does not

---

[5] *See, e.g.*, *Mich. v. Long*, 463 U.S. 1032 (1983); *Myers v. Ylst*, 897 F.2d 417 (9th Cir. 1990); *State v. Valino*, 2012-NMCA-105; and *State v. Nozie*, 2009-NMSC-018, 146 N.M. 142.

alert it to the presence of a federal claim in order to find material . . . that does so.

*Baldwin v. Reese*, 541 U.S. 27, 32 (2004). The Court is further guided by the Tenth Circuit's strong discouragement of habeas petitioners seeking to incorporate other documents wholesale into their pleadings. *See Jernigan v. Jaramillo*, No. 11-2066, 436 Fed. Appx. 852, 856 (10th Cir. 2011) (unpublished) (quoting *Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 623–24 (10th Cir. 1998) ("Like other circuit courts, we do not consider [incorporation by reference an] acceptable argument.")). When incorporation is as sweeping as it is here, there is "no good cause for treating this general disapproval as anything less than outright prohibition." *See Argota v. Miller*, No. 10-6251, 424 Fed. Appx. 769 (10th Cir. May 31, 2011) (unpublished).

The Court recognizes that FED. R. CIV. P. 10(c) permits incorporation by reference under limited circumstances.[6] However, the Court does not believe that FED. R. CIV. P. 10(c) is applicable in this case. Petitioner requests that the Court parse out relevant facts from a 15-page brief. Such a request certainly does not comply with the Rules. *See, e.g.*, *Young v. Addison*, No. 12-6060, 490 Fed. Appx. 960, 964 (10th Cir. July 30, 2012) (unpublished) (finding that 10(c) did not apply when petitioner asked to incorporate hundreds of pages of documents). The Court must hold the pro se petitioner's pleadings to a less stringent standard than those drafted by attorneys. *Hall*, 935 F.2d at 1110. However, the Court may not advocate for Petitioner. *See id*. The Court would certainly be stepping into the role as advocate if it read through the Proposed Amendment with

---

[6] FED. R. CIV. P. 10(c) allows a party to incorporate statements in a pleading by reference elsewhere in the same pleading or in any other pleading or motion. It also explains that a "written instrument" attached as an exhibit to a pleading is a part of the pleading.

9

the purpose of identifying the helpful facts and arguments in support of Petitioner's claim.

The Court does not recommend providing Petitioner with additional opportunities to amend the Petition to bring it in compliance with the heightened pleading requirement. Petitioner has already supplemented his Petition three times since filing this case. Although the Court must grant the pro se petitioner some latitude, Petitioner is still required to follow the Rules of Civil Procedure and the § 2254 Rules. To allow Petitioner the opportunity to continuously amend and supplement the Petition so as to comport with the Rules at this stage of the proceedings would not promote judicial economy.

The Court finds that Petitioner has not satisfied the heightened pleading requirement as to Ground One. Therefore, the Court recommends that Ground One be dismissed without prejudice.

           C.      *Ground Two: Analysis on Merits*

Petitioner introduces his second ground for relief as "sufficiency of the evidence," and contends that he was convicted "without any physical evidence." (Doc. 1 at 6). He also states that the state court record will reveal that there was conflicting testimony by the victims and witnesses at trial. *Id.* He again directs the Court to generally review the Proposed Amendment. *Id.* The Court will not consider the Proposed Amendment in its review of the Petition for the reasons discussed above.

Petitioner's constitutional challenge to the sufficiency of the evidence is reviewed pursuant to the analysis set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). The Due Process Clause guarantees that a person may only be convicted of a crime if there is sufficient proof to support the conviction. *Id.* at 316. Sufficient proof is the evidence that

is necessary to convince any rational trier of fact beyond a reasonable doubt of the existence of every element of the offense. *Williams v. Illinois*, 132 S. Ct. 2221, 2238 n. 8 (2012) (citing *Jackson*, 443 U.S. at 316). In reviewing the sufficiency of the evidence to support a conviction, the Court views the evidence in the light most favorable to the prosecution. *Jackson*, 443 U.S. at 319. Judicial review "does not focus on whether the trier of fact made the *correct* guilt or innocence determination, but rather whether it made a *rational* decision to convict or acquit." *Herrera v. Collins*, 506 U.S. 390, 402 (1993) (emphasis in original).

It is undisputed that the NMCA adjudicated Petitioner's sufficiency of the evidence claim on the merits on direct appeal, and therefore the Court must apply the relevant AEDPA standards to that decision. Sufficiency of the evidence is a mixed question of law and fact, and therefore the Court asks whether the facts are correct and whether the law was properly applied to the facts, pursuant to both 28 U.S.C. § 2254(d)(1) and (d)(2). *Diestel v. Hines*, 506 F.3d 1249, 1267 (10th Cir. 2007).

First, the Court looks to New Mexico state law to determine the substantive elements of the offense. *See Jackson*, 443 U.S. at 324 n. 16; *Valdez v. Bravo*, 373 F.3d 1093, 1097 (10th Cir. 2004). Petitioner was convicted of one count of battery upon a healthcare worker and one count of battery upon a peace officer.

Conviction for battery upon a healthcare worker would require findings that Petitioner: (i) intentionally or unlawfully touched or applied force to the healthcare worker; (ii) acted in a rude, insolent, or angry manner; and (iii) at the time of the incident the victim was a healthcare worker in the lawful discharge of his duties. *See* NMSA 1978, § 30-3-9.2(E) (2006). Evidence was presented to demonstrate that while Petitioner was

11

being admitted at the Four Winds Recovery Center, he was hostile and yelling, tried to punch the healthcare worker, and then head butted the healthcare worker in an attempt to move past him to attack the police officer. (Record Proper ("RP") 46). The healthcare worker testified that he was doing the intake of Petitioner when the incident occurred. *Id.* The record reveals that Petitioner testified that his actions were provoked by the healthcare worker because the healthcare worker grabbed his wrists from behind. (RP 47).

Conviction for battery upon a peace officer requires findings that Petitioner: (i) intentionally or unlawfully touched or applied force to the peace officer; (ii) acted in a rude, insolent, or angry manner; and (iii) at the time the victim was a peace officer while in the discharge of his duties. *See* NMSA 1978, § 30-22-44. Evidence was also presented that the police officer arrested Petitioner for being intoxicated in public, and then taken him to the Center for detoxification when the incident occurred. (RP 45). Petitioner was combative and angry with the police officer and threatened him. *Id.* The officer testified that Petitioner threw his body against him. *Id.* The healthcare worker also stated that he saw Petitioner attack the police officer with his free hand. (RP 46). Petitioner testified that he never threw any punches during the incident, and that the healthcare worker and police officer ran into him. (RP 47).

The NMCA reviewed the evidence under a "substantial evidence standard of review," defining substantial evidence as that evidence which a reasonable person would consider adequate to support a defendant's conviction. *See State v. Sparks*, 1985-NMCA-004, ¶ 6, 102 N.M. 317. The NMCA noted that Petitioner's version of the events differed from the victims' versions, but that it was the jury's prerogative as

12

fact-finder to weigh all of the evidence and assess the credibility of the witnesses. (Doc. 9, Ex. F. at 7–8). The NMCA concluded that evidence in the record was sufficient for Petitioner to be convicted of both battery offenses. *Id.*

In reviewing the record for sufficiency pursuant to the Due Process Clause, the Court may not weigh conflicting evidence or consider the credibility of witnesses. *See Lucero v. Kerby*, 133 F.3d 1299, 1312 (10th Cir. 1998). Thus, the Court must "accept the jury's resolution of the evidence as long as it is within the bounds of reason." *Id.* (quotations omitted). Finally, in examining these types of challenges, a federal court owes a state court's decision "deference squared." *Young v. Sirmons*, 486 F.3d 655, 666 n.3 (10th Cir. 2007).

After reviewing the evidence and applicable standards, the Court finds that the jury could have reasonably resolved the conflicting testimony against Petitioner. Though Petitioner argues that he was provoked in the attack, no witnesses corroborated his version of events. The mere fact that the victims' testimony was not consistent with Petitioner's does not establish a constitutional violation, particularly as a jury need not accept Petitioner's version of the incident. *See Torres v. Mullin*, 317 F.3d 1145, 1153 (10th Cir. 2003). Under those circumstances, the Court must resolve any conflicts in favor of the prosecution. *Jackson*, 443 U.S. at 319. Taking the evidence in the light most favorable to the prosecution, the Court would find that Petitioner failed to meet his high burden of demonstrating that there was insufficient evidence to convict him of both battery counts.

The NMCA conducted a substantially similar analysis of the evidentiary record to conclude that there was sufficient evidence to support Petitioner's conviction. Therefore,

the Court will find that the decision of the NMCA is not contrary to, or an unreasonable application, of federal law. Nor is it an unreasonable determination of the facts presented during the trial.

Petitioner also contends that his conviction was improper because there was no physical evidence of his crimes. However, Petitioner has not made a "substantial showing" that he had a federal right to be connected to the crimes with physical evidence, in light of the eyewitness testimony of the victims and witnesses. *See O'Quinn v. Kan.*, No. 98-3277, 1999 U.S. App. LEXIS 9022, at *2 (10th Cir. May 12, 1999) (unpublished) (holding that where petitioner failed to make a substantial showing that he had a federal right to be connected to the crime with physical evidence, the district court did not err by not ruling on that claim). Further, due process does not require any particular type of proof to convict, and various categories of evidence will suffice. *See, e.g.*, *United States v. Magallanez*, 408 F.3d 672, 681 (10th Cir. 2005) ("Lack of physical evidence does not render the evidence that is presented insufficient.").

For all of the foregoing reasons, the Court recommends that Petitioner's claim that there was insufficient evidence to convict him of both battery counts be dismissed with prejudice.

D.    <u>Grounds Three & Four Should Be Dismissed</u>

As explained above, Petitioner filed a Supplemental Pleading stating his intention to dismiss Grounds Three and Four.[7]  However, dismissal of those claims is not automatic because an order from the Court is required. *See* FED.R.CIV.P. 41(a)(2).

Federal Rule of Civil Procedure 41(a)(2) governs Petitioner's voluntary dismissal,

---

[7] Petitioner stated the following "[i]n addition Petitioner dismisses issue 3-4 in the federal petition."

because Respondents filed the Answer prior to Petitioner's request for dismissal of those claims. *See Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993). Pursuant to Rule 41(a)(2), dismissal under that Rule should be made without prejudice and on terms considered "proper" by the Court. FED.R.CIV.P. 41(a)(1). Rule 41(a)(2) "is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Clark*, 13 F.3d at 1411 (quotations and alterations omitted). When considering a motion to dismiss without prejudice, "the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties." *Id.* (quotations omitted). To determine the "legal prejudice" that Respondents will suffer if a motion to dismiss without prejudice is granted, the Court should consider Respondents' effort and expense of preparation for trial, excessive delay and lack of diligence on the part of Petitioner in prosecuting the action, and insufficient explanation for the need to take a dismissal. *Id.*

At this stage of the proceedings, Respondents have answered the Petition and lodged the state record with the Court. While Respondents have not notified the Court that they oppose dismissal, they previously requested that Petitioner be required to dismiss Ground Four before being permitted to move forward with his case. The Court cannot find that Respondents have expended significant resources in preparation for trial, or that Petitioner has delayed in prosecuting this matter. Respondents alleged that the Petition is subject to dismissal because Ground Four is unexhausted, and Petitioner responded by dismissing that ground along with Ground Three. While Petitioner provides no explanation for his decision to dismiss both claims, the Court finds the timing of the dismissal to be informative. The Court concludes that under these circumstances,

15

Respondents would not be legally prejudiced by the dismissal of Grounds Three and Four, and recommends that those grounds be dismissed without prejudice.[8]

      E.      _Motions for Appointment of Counsel and an Evidentiary Hearing_

The Court will also consider Petitioner's motions to appoint counsel, (Doc. 3), and for an evidentiary hearing. (Doc. 4).

The Court weighs several factors in determining whether to appoint a pro se habeas petitioner counsel. Those factors include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" _Rucks v. Boergermann_, 57 F.3d 978, 979 (10th Cir. 1995) (quotations omitted). The Court has carefully reviewed Petitioner's motion, the relevant case law, and the Petition in light of the aforementioned factors. The Court finds that Petitioner appears to understand the issues in his case and appears to be representing himself in an intelligent and capable manner. Therefore, his motion for appointment of counsel will be denied at this time.

Petitioner requests that the Court set an evidentiary hearing on the merits of his claims. Under Rule 8(a) of the § 2254 Rules, the Court may hold an evidentiary hearing if it determines that one is warranted after reviewing the answer and the state court record. The Court has determined that the issues in this case can be resolved without the need for an evidentiary hearing, and therefore Petitioner's motion will be denied at this time.

---

[8] Respondents' request for dismissal of the entire Petition under the theory that Ground Four is unexhausted is therefore made moot. The Court notes that Respondents expressly stated they would not dispute exhaustion as to the remaining grounds, (Doc. 9 at 6), even though Petitioner conceded that he has not exhausted his state remedies as to Ground One. (Doc. 1 at 5). However, the Court declines to reject Respondents' waiver of nonexhaustion in order to determine sua sponte whether Ground One is unexhausted. The Tenth Circuit has not decided under what circumstances, if any, such an "unusual step" is justified. _See Richwine v. Romero_, No. 10-2247, 462 Fed. Appx. 770, 773 (10th Cir. May 26, 2011) (unpublished).

## III. Conclusion

The Court finds that Petitioner has not set forth sufficient grounds to demonstrate that he is entitled to federal habeas relief. For the reasons discussed above, the Court **RECOMMENDS** that the Petition be denied, and that:

    a.  Ground Two of the Petition be dismissed with prejudice;

    b.  Grounds One, Three, and Four of the Petition be dismissed without prejudice; and

    c.  A Certificate of Appealability be denied.

**IT IS ALSO ORDERED** that Petitioner's motions for appointment of counsel, (Doc. 3), and an evidentiary hearing, (Doc. 4), be **DENIED**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE

17