IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRYANE SANDOVAL,

        Applicant,

v.                                                         No. CV 14-191 KG/CG

JAMES JANECKA, et al.,

        Respondents.

**ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION IN PART, STAYING CASE, AND DENYING PETITIONER'S REQUESTS FOR AN EVIDENTIARY HEARING AND APPOINTMENT OF COUNSEL**

**THIS MATTER** is before the Court on the Magistrate Judge's *Proposed Findings and Recommended Disposition* ("PFRD"), filed on August 29, 2014. (Doc. 16). In the PFRD, United States Magistrate Judge Carmen E. Garza considered Petitioner Bryane Sandoval's *Petition* pursuant to 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, filed on February 21, 2014, (Doc. 1), and Supplemental Pleadings filed on March 26, 2014, July 7, 2014, and July 16, 2014, respectively, (Docs. 10, 14, & 15), (together the "Petition")[1]; Petitioner's requests for appointment of counsel, (Doc. 3), for an evidentiary hearing, (Doc. 4); and *Respondents' Answer to* Pro Se *Petitioner Bryane Sandoval's Petition for Relief under 28 U.S.C. § 2254 [DOC. 1]* ("Answer"), filed on March 27, 2014 (Doc. 9). The Magistrate Judge recommended dismissing the Petition and denying a certificate of appealability, and also denied Petitioner's requests for appointment of counsel and for an evidentiary hearing.

Petitioner subsequently filed several letters with the Court on October 23 and 30, November 19, December 3 and 9, 2014. (Docs. 19, 20, 23, 25, 26) (collectively "Objections").

---

[1] The Court construes these filings as requests to supplement the Petition, which will be granted because it is in the interest of justice to do so. The Court must construe the Petitioner's pleadings liberally because he is not represented by an attorney. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Magistrate Judge ordered Respondents James A. Janecka and Gary K. King to respond to Petitioner's objections and supplement the record with all recent court records and transcripts from Petitioner's pre-trial, appellate, and post-conviction proceedings. (Doc. 21). Respondents filed their Response on November 17, 2014, urging this Court to stay this case and hold it in abeyance until a final disposition is reached in Petitioner's state habeas proceeding, or in the alternative adopt the PFRD in its entirety. (Doc. 22).

After a de novo review of the record and the PFRD, this Court adopts Judge Garza's *Proposed Findings and Recommended Disposition* in part, stays this case and holds it in abeyance pending the outcome of Petitioner's state habeas case, and denies Petitioner's requests for appointment of counsel and an evidentiary hearing.

I.   **Background**

Petitioner was convicted of two counts of fourth-degree battery, and seeks federal habeas relief on the basis that his conviction was obtained in violation of federal law and the Constitution of the United States. (Doc. 1 at 1–15). Mr. Sandoval initially raised four different claims in his Petition, alleging that: (1) he received disparate treatment in violation of the Due Process Clause and Equal Protection Clause; (2) there was insufficient evidence to convict him of any crime; (3) he was not tried by a fair and impartial jury, which violated his due process rights; and (4) his trial, appellate, and post-conviction counsel were ineffective.

Respondents contend that Petitioner has not suffered a violation of any federal law or federal constitutional provision to mandate the granting of federal habeas relief. (Doc. 9 at 5). Respondents further maintain that the Petition is a "mixed" habeas petition, because the fourth ground for relief is an unexhausted claim. After Respondents filed their Answer, Petitioner

notified the Court of his intention to dismiss his third and fourth ground for relief. (Doc. 15 at 6). Respondents did not thereafter file an amended answer or responsive pleading.

The facts of this case are as follows. On May 1, 2012, a New Mexico state court jury convicted Petitioner of the fourth-degree felonies of battery upon a health care worker and battery upon a peace officer. (Doc. 9, Ex. A). The convictions were the result of an altercation that occurred on November 18, 2011 at the Four Winds Recovery Center, between Petitioner, a healthcare worker at the Center, and a police officer who had transported Petitioner to the Center for detoxification. (Doc. 9, Ex. C at 1–2). Petitioner was subsequently tried, convicted and sentenced to a term of 5 ½ years of imprisonment, with one year suspended. (Doc. 9, Ex. A at 3).

Petitioner, represented by counsel, appealed to the New Mexico Court of Appeals ("NMCA"). (Doc. 9, Exs. B & C). The sole issue presented to the NMCA was whether there was sufficient evidence to convict Petitioner of both counts of battery. (Doc. 9, Ex. C at 4). The NMCA subsequently entered a proposed summary affirmance of the state district court's judgment, denying Petitioner's appeal. (Doc. 9, Ex. D). Petitioner filed *Defendant-Appellant's Memorandum in Opposition to Proposed Summary Affirmance and Motion to Amend the Docketing Statement* ("Proposed Amendment") with the NMCA, requesting amendment of his docketing statement to supplement his sufficiency of the evidence claim and include three new issues for appellate review.[2] (Doc. 9, Ex. E). On October 12, 2012, the NMCA denied Petitioner's request to amend, and held that there was sufficient evidence to support Petitioner's conviction. (Doc. 9, Ex. F).

---

[2] Petitioner attached the Proposed Amendment to the Petition, and referred to it generally as containing facts to support all four of his grounds for relief. (Doc. 1 at 15–30).

Petitioner then filed a petition for writ of certiorari with the New Mexico Supreme Court, claiming the jury was improperly instructed on the elements of battery, insufficient evidence to support Petitioner's convictions, ineffective assistance of counsel, and the jury-selection process was rife with errors in violation of his due process rights. (Doc. 9, Ex. G). The New Mexico Supreme Court summarily denied the petition on January 2, 2013. (Doc. 9, Ex. H). Petitioner moved for rehearing, arguing he had been denied equal protection under the law because the trial court committed fundamental error by improperly instructing the jury on the essential elements of battery. (Doc. 9, Ex. I). The New Mexico Supreme Court denied Petitioner's request for rehearing on January 29, 2013. (Doc. 9, Ex. J).

On January 27, 2014, Petitioner, represented by counsel, filed a petition for writ of habeas corpus with the New Mexico state district court. (Doc. 9, Ex. M). Petitioner seeks state habeas relief on the basis that the jury was improperly instructed on the essential elements of battery, ineffective assistance of counsel, and denial of equal protection under the law. *Id*. The Magistrate Judge in this case ordered Respondents to produce the entire state court record and provide the status of Petitioner's state habeas action. (Doc. 11). Respondents subsequently filed the state court record. (Doc. 12). Petitioner notified the Court that he wished to simultaneously pursue habeas relief in both state and federal court. (Doc. 14).

The Magistrate subsequently entered the PFRD, recommending that Grounds One, Three, and Four be dismissed without prejudice, and Ground Two be dismissed with prejudice. Petitioner then notified the Court, in one of his Objections, that the State had filed its answer to his state habeas petition, and conceded that Petitioner was entitled to habeas relief. (Doc. 20 at 3–8). The Magistrate Judge ordered Respondents to update the Court on the status of the state habeas action. (Doc. 21). Respondents confirmed that the State had admitted fundamental error

4

occurred in obtaining Petitioner's conviction, (Doc. 22-1 at 1–6), and requested that this Court stay this case and hold it in abeyance pending the outcome of Petitioner's state habeas action. (*Id*. at 4–7). In the alternative, Respondents urge the Court to overrule all of Petitioner's Objections and adopt the PFRD in its entirety. (*Id*. at 7–12).

**II.     Analysis**

The Magistrate Judge noted that Petitioner currently asserts two grounds for federal habeas corpus relief.[3] He maintains that he received disparate treatment in violation of the Due Process Clause and Equal Protection Clause.   H also argues there was insufficient evidence to convict him of any crime. Respondents maintain that Petitioner is not entitled to federal habeas relief on either claim.

The Court first will review the three grounds for relief that the Magistrate Judge recommended be dismissed without prejudice. The Court next will consider whether this case should be stayed and held in abeyance as to the sole remaining claim until Petitioner's state habeas claim is resolved.

   A.     **Ground One**

Petitioner contends that his due process and equal protection rights were violated because of "disparate treatment."[4] (Doc. 1 at 5; Doc. 15 at 5). As factual support, he explains that the courts retroactively applied a decision "absent petitioners (sic) who was similarly situated the same," and directs the Court to review the entire Proposed Amendment, which he attached to the Petition. (Doc. 1 at 5). The Magistrate Judge noted that Petitioner also provided the Court with a

---

[3] As explained above, Petitioner has stated his intention to dismiss his third and fourth grounds for relief. However, dismissal of those claims is not automatic because an order from the Court is required. *See* FED.R.CIV.P. 41(a)(2).
[4] Petitioner further alleges violations of the New Mexico Detoxification Reform Act, federal antitrust policy, Federal Public Health Service Act, and the Civil Rights Act of 1964. (Doc. 14 at 3).

litany of citations to court opinions and orders, but failed to explain how the holdings in those cases relate to his own.[5] (Doc. 1 at 5; Doc. 10; Doc. 14; Doc. 15 at 2–4). He asserts that a criminal defendant's right to a fair trial is guaranteed by the Due Process Clause, and maintains that an impermissible jury instruction may result in the violation of that right. (Doc. 10 at 1) (citing *Drope v. Missouri*, 420 U.S. 162 (1975)).

Both the Antiterrorism and Effective Death Penalty Act and the Prisoner Litigation Reform Act provide for preliminary judicial screening of habeas petitions. *Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1087 (10th Cir. 2008). Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") instructs the Court to conduct a preliminary review of a § 2254 habeas petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Cf. Ochoa v. Sirmons*, 485 F.3d 538, 545 (10th Cir. 2007) (noting that Rule 4 permits district courts to "engage in a merits screening of all habeas petitions.").The Court is permitted to consider the Petition and all pertinent matters in the record as part of its Rule 4 review. *See Whitmore v. Parker*, No. 11-6317, 484 Fed. Appx. 227, 231 (10th Cir. 2012) (unpublished).

The habeas petition must comply with the "heightened pleading" standard in accordance with the § 2254 Rules. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Rules 2(a) through 2(c) set forth the minimum pleading requirements for the content of a § 2254 petition. In accordance with Rule 2(c),

---

[5] *See, e.g., Mich. v. Long*, 463 U.S. 1032 (1983); *Myers v. Ylst*, 897 F.2d 417 (9th Cir. 1990); *State v. Valino*, 2012-NMCA-105; and *State v. Nozie*, 2009-NMSC-018, 146 N.M. 142.

> [t]he petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Thus, the habeas petitioner is required to summarily plead specific facts to support each of his grounds for relief. The Court is authorized to summarily dismiss any habeas claims that appear legally insufficient on their face if the habeas petitioner fails to satisfy the pleading requirement. *McFarland*, 512 U.S. at 856.

The Magistrate Judge concluded that none of Petitioner's allegations provide the necessary factual support for his claim that his constitutional rights were violated as a result of "disparate treatment," and that Rule 4 required dismissal of the claim because Petitioner had "fail[ed] to allege facts that state a constitutional violation." *See Boutwell v. Keating*, 399 F.3d 1203, 1211 (10th Cir. 2005).

The Magistrate Judge recommended Petitioner not be provided with additional opportunities to amend the Petition to bring it into compliance with the heightened pleading requirement, noting that he had already been permitted to supplement the initial petition three times. To allow Petitioner the opportunity to continuously amend and supplement the Petition so as to comport with the Rules at this stage of the proceedings would not promote judicial economy.

In his Objections, Petitioner refers the Court to the *"Emergency" Petition for Extraordinary Writ and "Request for Stay,"* which he filed with the Petition and labeled as "Attachment d." (Doc. 1 at 24–33). The Emergency Petition is dated October 25, 2013, and Petitioner purports that he originally filed the document with the New Mexico Supreme Court. He objects to the Magistrate Judge's findings on the basis that the Emergency Petition was not

docketed by the New Mexico Supreme Court. Petitioner argues that the Emergency Petition demonstrates he has pursued federal claims, contrary to the Magistrate Judge's findings. (Doc. 19 at 2). Petitioner maintains that the Magistrate Judge has "overlooked Petitioner's answers to the questions asked in the initial federal petition." (Doc. 19 at 1).

After a magistrate judge files her recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. FED. R. CIV. P. 72(b)(2). An objection must be both timely and "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). When resolving objections to a magistrate judge's recommendation, the district judge must make a de novo determination regarding any part of the recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C).

The Court has reviewed the PFRD, and does not interpret the Magistrate Judge's PFRD as Petitioner does. First, the Magistrate Judge's findings and conclusions of law do not rest on whether Petitioner has or has not pursued federal claims at the state-court level. Further, the Emergency Petition requests habeas relief from the New Mexico Supreme Court. This Court cannot find that the document—regardless of whether it was docketed with the New Mexico Supreme Court—is relevant to the Magistrate Judge's findings in the PFRD. Thus, Petitioner has not presented a colorable challenge to the Magistrate Judge's legal analysis.

Petitioner argues that the Emergency Petition constitutes a "missing record," and that he is entitled to remand this case to the New Mexico Supreme Court pursuant to the Tenth Circuit's decision in *Paine v. Massie*, 339 F.3d 1194 (10th Cir. 2003). In *Paine*, the Tenth Circuit remanded the petitioner's habeas case to the U.S. District Court because critical portions of the state appellate record were missing. *Id.* at 1204–05. That Court ordered the district court to

conduct an evidentiary hearing so that the habeas petitioner had an opportunity to present certain expert witness evidence in support of her claim of ineffective assistance of counsel, where such evidence was alleged to have been previously lodged into the state record but had gone missing. *Id*.

*Paine* does not provide any legal support for Petitioner's contention that this case be remanded to the New Mexico Supreme Court, nor does it require the Court to order an evidentiary hearing to evaluate Ground One. The Emergency Petition does not contain any evidence directly in support of Petitioner's claims, nor does Petitioner allege that the Emergency Petition itself constitutes critical evidence. Therefore, *Paine* is inapplicable to this context, and Petitioner's objection is overruled.

Petitioner also maintains that the state district court retroactively applied a decision which created "Petitioner's merits claim under the reasoning in *Myers*," and that "the Court should reconsider highly this case under equal protection analysis given the fact the state failed to give due process under rational means as set by *Willowbrook v. Olech*[, 528 U.S. 562 (2000)]." (Doc. 19 at 2). The Magistrate Judge noted that Petitioner cited to *Myers* in the Petition, along with many other court opinions and orders, but failed to demonstrate how the holdings in those cases relate to his own. Again, Petitioner's citations to court opinions, by themselves, fail to persuade this Court that his constitutional rights were violated as a result of "disparate treatment."

Petitioner also alleges that he has properly satisfied the pleading requirement as to his equal protection claim, and asks the Court to "scrutinize the state record and the missing state record." (Doc. 20 at 2). This Court has considered all of Petitioner's filings in this matter and agrees with the Magistrate Judge's finding that Petitioner failed to satisfy the heightened pleading standard as to Ground One. Petitioner does not challenge Judge Garza's application of

Rule 4 to the Petition. Petitioner's conclusory and self-serving statement that he has satisfied the pleading requirement fails to direct this Court's attention to a factual or legal issue truly in dispute, and therefore is not a proper objection. *See One Parcel of Real Prop.*, 73 F.3d at 1060. The Court agrees with the Magistrate Judge that the Petition is void of any facts showing that a constitutional violation occurred.

The Court has reviewed the Magistrate Judge's analysis of Ground One, the state court record, and the Emergency Petition. All of Petitioner's objections shall be overruled, and the Magistrate Judge's findings shall be adopted as to Ground One. The Court finds that Petitioner has not satisfied the heightened pleading requirement as to Ground One, and shall dismiss that claim without prejudice.

      **B.**      **Grounds Three and Four**

Petitioner filed a Supplemental Pleading stating his intention to dismiss Grounds Three and Four. The Magistrate Judge recommended dismissal without prejudice of Grounds Three and Four pursuant to FED.R.CIV.P. 41(a)(2), after determining that Petitioner's motion to dismiss would not prejudice Respondents in light of the valid interests of the parties. Petitioner does not object to the dismissal of Grounds Three and Four, and therefore the Magistrate Judge's findings shall be adopted and those grounds shall be dismissed without prejudice.

      **C.**      **Stay and Abeyance as to Ground Two Only**

The Magistrate Judge construed Petitioner's second ground for relief as a challenge to the sufficiency of the evidence, which she noted must be reviewed pursuant to the analysis set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). The Due Process Clause guarantees that a person may only be convicted of a crime if there is sufficient proof to support the conviction. *Id*. at 316.

Sufficient proof is the evidence that is necessary to convince any rational trier of fact beyond a reasonable doubt of the existence of every element of the offense. *Williams v. Illinois*, 132 S. Ct. 2221, 2238 n. 8 (2012) (citing *Jackson*, 443 U.S. at 316).

The Magistrate Judge noted that the NMCA adjudicated Petitioner's sufficiency of the evidence claim on the merits on direct appeal, and therefore the Court must apply the relevant AEDPA standards to that decision. Sufficiency of the evidence is a mixed question of law and fact, and therefore the Court asks whether the facts are correct and whether the law was properly applied to the facts, pursuant to both 28 U.S.C. § 2254(d)(1) and (d)(2). *Diestel v. Hines*, 506 F.3d 1249, 1267 (10th Cir. 2007).

First, the Magistrate Judge looked to New Mexico state law to determine the substantive elements of the offense. *See Jackson*, 443 U.S. at 324 n. 16; *Valdez v. Bravo*, 373 F.3d 1093, 1097 (10th Cir. 2004). In this case, Petitioner was convicted of one count of battery upon a healthcare worker and one count of battery upon a peace officer. The Magistrate Judge analyzed the evidence presented at trial with the elements of each offense, and found that the jury could have reasonably resolved any conflicting testimony against Petitioner. The NMCA conducted a substantially similar analysis of the evidentiary record to conclude that there was sufficient evidence to support Petitioner's conviction. Therefore, the Magistrate Judge concluded that the decision of the NMCA was not contrary to, or an unreasonable application, of federal law.

As explained above, since the Magistrate Judge entered the PFRD, the State has admitted in a concurrent state habeas proceeding that fundamental error occurred during Petitioner's trial. (Doc. 22-1 at 1–4). The State acknowledges that the jury was not instructed as to the essential element of scienter for both battery offenses, and therefore Petitioner "is entitled to the grant of his [state habeas petition]." (Doc. 22-1 at 5). The State and Petitioner have pointed out that

Petitioner is nearing the end of his sentence, (Doc. 22-1 at 4; Doc. 26 at 3). If Petitioner's state habeas petition were to be granted before the conclusion of his sentence, he would face retrial and a possible sentence of as many as eleven years imprisonment. (Doc. 22-1 at 5). The State alleges that if his convictions were set aside at this time, he could be placed in a much worse position than allowing his current sentence to run to term and expire. (*Id*.).

Respondents asks this Court to stay this case and hold Petitioner's § 2254 petition in abeyance pending the outcome of the ongoing state-court proceedings. (Doc. 22 at 6). Respondents point out that if Petitioner secures habeas relief from the state district court, he may receive the extent of the relief he has requested from this Court and his § 2254 petition may become moot.

Petitioner, on the other hand, requests that the Court order the state district court to abstain from presiding over his state habeas proceeding. (Doc. 26 at 3). He asks that this Court issue an injunction, stay the pending state habeas proceeding, prevent the State from further prosecuting him pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), and order his immediate release from prison. (Doc. 26 at 3).

The Court is persuaded by Respondents' argument. The state district court obtained jurisdiction over Petitioner's state habeas petition before the § 2254 petition was filed. Petitioner has also received the benefit of counsel in his state habeas case.[6] The outcome of the state habeas petition would no doubt impact the outcome of Petitioner's § 2254 habeas proceeding, and vice versa. Further, this Court is without authority under these circumstances to compel the state district court to abstain from proceeding with Petitioner's case, as he requests.

---

[6] The Court notes, however, that a copy of the state court docket filed by Petitioner shows that on December 2, 2014, his attorney moved to withdraw herself as habeas counsel. (Doc. 26 at 4).

The Magistrate Judge correctly observed that Petitioner's remaining ground for habeas relief must be resolved by applying the evidence presented at trial with the elements of the offenses. Here the State has conceded in a separate habeas proceeding that the jury was not properly instructed as to the elements of those offenses and that Petitioner is entitled to habeas relief.

The Court finds it is in the interest of justice to grant Respondents' request. This case shall be stayed and held in abeyance pending the outcome of the ongoing state court proceedings.

### III.   Motions for Appointment of Counsel and an Evidentiary Hearing

In his Objections, Petitioner again requests that he be appointed counsel, (Doc. 26), and an evidentiary hearing. (Docs. 19, 20, 26). The Magistrate Judge considered Petitioner's previous request for counsel, and weighed several factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quotations omitted). The Magistrate Judge found that Petitioner appeared able to understand the issues in his case and was representing himself in an intelligent and capable manner. Therefore, she denied his motion for appointment of counsel. This Court agrees with the Magistrate Judge's reasoning and, likewise, will deny Petitioner's request for counsel.

Petitioner also moves the Court again for an evidentiary hearing. In support, Petitioner claims that he has "satisfied at least one factor" of *Townsend v. Sain*, 372 U.S. 293 (1963). (Doc. 19 at 2). The Tenth Circuit recently observed that *Townsend* described when a federal court in a habeas corpus proceeding must hold an evidentiary hearing to develop additional facts, and that *Townsend* has been overruled and abrogated by subsequent court decisions. *United States v. Lee*

*Vang Lor*, 706 F.3d 1252, 1257–58 (10th Cir. 2013). Petitioner fails to allege any facts demonstrating that he satisfies the *Townsend* factors or is otherwise constitutionally-entitled to an evidentiary hearing. His insistence that the New Mexico Supreme Court failed to docket his state habeas petition does not entitle him to an evidentiary hearing on the claims asserted in a § 2254 habeas petition. *See id*. at 1258 (holding evidentiary hearing is not automatically required whenever there is "newly discovered evidence" related to Fourth Amendment claim). Under Rule 8(a) of the § 2254 Rules, the Court may hold an evidentiary hearing if it determines that one is warranted after reviewing the answer and the state court record. The Court has determined that the remaining issue need not be resolved by an evidentiary hearing at this time, and therefore Petitioner's motion will be denied.

### IV.   Conclusion

**IT IS HEREBY ORDERED** that, for all of the foregoing, Judge Garza's *Proposed Findings and Recommended Disposition* be **ADOPTED IN PART**. Grounds One, Three, and Four of the Petition shall be be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that this case be **STAYED AND HELD IN ABEYANCE** pending the outcome of Petitioner's ongoing state case styled, *Sandoval v. Janecka*, No. D-1116-CR-2011010454 (Eleventh Judicial District Court of the State of New Mexico). Respondents shall provide the Court with monthly status updates of that case by filing a status report on or before the last day of every month. Respondents shall include with the status report an updated copy of the case docket, and copies of all new filings, transcripts, and other records, so as to remain in compliance with the Court's previous *Order to Produce State Record*. (Doc. 11).

**IT IS ALSO ORDERED** that Petitioner's motions for appointment of counsel, (Doc. 26), and an evidentiary hearing, (Docs. 19, 20, 26), be **DENIED**.

_____
UNITED STATES DISTRICT JUDGE