IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRYANE SANDOVAL,

    Applicant,

v.                                                                             No. CV 14-191 KG/CG

JAMES JANECKA, et al.,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Bryane Sandoval's *Petition* pursuant to 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, filed on February 21, 2014, (Doc. 1), and Supplemental Pleadings filed on March 26, 2014, July 7, 2014, and July 16, 2014, respectively, (Docs. 10, 14, & 15), (together the "Petition"); and *Respondents' Answer to* Pro Se *Petitioner Bryane Sandoval's Petition for Relief under 28 U.S.C. § 2254 [DOC. 1]* ("Answer"), filed on March 27, 2014 (Doc. 9). This matter also comes before the Court on *Respondents' Supplemental Brief, Files in Accordance with the Court's April 27, 2015* Order for Supplemental Briefing *[Doc. 39]* ("Supplemental Brief"), filed May 12, 2015. (Doc. 47). Petitioner did not file a response to the Supplemental Brief and the deadline for doing so has passed.[1] (Doc. 49).

Petitioner was convicted of two counts of fourth-degree battery, and seeks federal habeas relief on the basis that his conviction was obtained in violation of federal law and the Constitution of the United States. (Doc. 1 at 1–15). United States District Judge

---

[1] Petitioner notified the Court on April 27, 2015 of a change of his address. (Doc. 40). The Court's *Order for Supplemental Briefing* was initially returned undelivered from his previous address. (Doc. 45). However, the docket shows that the Clerk of the Court mailed the *Order for Supplemental Briefing* and other undelivered filings to Petitioner's new address on May 4, 2015, which would have allowed him sufficient time to meet the June 1, 2015 deadline to a file a response to the Supplemental Brief.

Kenneth Gonzales previously dismissed three of his four grounds for relief. (Doc. 28). The only ground for habeas relief that remains is Ground Two, which is Petitioner's claim that there was insufficient evidence submitted at trial to convict him of any crime. Respondents James A. Janecka and Gary K. King contend that Petitioner has not suffered a violation of any federal law or federal constitutional provision to mandate the granting of federal habeas relief for that reason. (Doc. 9 at 5, 6).

Judge Gonzales referred this case to the Court to make findings of fact, conduct legal analysis, and recommend an ultimate disposition. (Doc. 5). Having reviewed the pleadings, the entire state court record, and relevant law, the Court recommends that the Petition be denied in its entirety, and that a certificate of appealability also be denied.

**I.   Background**

The facts of this case are as follows. On May 1, 2012, a New Mexico state court jury convicted Petitioner of the fourth-degree felonies of battery upon a health care worker and battery upon a peace officer. (Doc. 9, Ex. A). The convictions were the result of an altercation that occurred on November 18, 2011 at the Four Winds Recovery Center, between Petitioner, a healthcare worker at the Center, and a police officer who had transported Petitioner to the Center for detoxification. (Doc. 9, Ex, A at 1; *Id.*, Ex. C at 2–3). Petitioner was subsequently tried, convicted and sentenced to a term of five and one-half years of imprisonment, with one year suspended. (Doc. 9, Ex. A at 3).

Petitioner appealed his case to the New Mexico Court of Appeals ("NMCA"). (Doc. 9, Exs. B & C). The sole issue presented to the NMCA was whether there was sufficient evidence to convict Petitioner of both counts of battery. (Doc. 9, Ex. C at 4). The NMCA

subsequently entered a proposed summary affirmance of the state district court's judgment, denying Petitioner's appeal. (Doc. 9, Ex. D). Petitioner filed *Defendant-Appellant's Memorandum in Opposition to Proposed Summary Affirmance and Motion to Amend the Docketing Statement* ("Proposed Amendment") with the NMCA, requesting amendment of his docketing statement to supplement his sufficiency of the evidence claim and include three new issues for appellate review. (Doc. 9, Ex. E). On October 12, 2012, the NMCA denied Petitioner's request to amend, and after conducting a lengthy analysis, determined that there had been sufficient evidence presented at trial to support Petitioner's conviction. (Doc. 9, Ex. F).

Petitioner then filed a petition for writ of certiorari with the New Mexico Supreme Court, claiming that the jury was improperly instructed on the elements of battery, there was insufficient evidence to support Petitioner's convictions, Petitioner received ineffective assistance of counsel, and the jury-selection process was rife with errors in violation of his due process rights. (Doc. 9, Ex. G). The New Mexico Supreme Court summarily denied the petition on January 2, 2013. (Doc. 9, Ex. H).

On January 27, 2014, Petitioner, represented by counsel, filed a petition for writ of habeas corpus in the case *Sandoval v. Janecka*, No. D-1116-CR-2011010454 (Eleventh Judicial District Court of the State of New Mexico), on the bases that the jury was improperly instructed on the essential elements of battery, Petitioner did not receive effective assistance of counsel, and Petitioner was denied equal protection under the law. (Doc. 9, Ex. M). The State responded to the petition, conceding that the jury was not instructed as to the essential element of scienter for both battery offenses, and agreed that Petitioner was entitled to habeas relief. (Doc. 22-1 at 5).

3

On February 21, 2014, Petitioner initiated this habeas action, and alleged four grounds for relief pursuant to 28 U.S.C. § 2254. (Docs. 1, 10, 14, & 15). Judge Gonzales dismissed three of the four grounds for relief, leaving Ground Two as the sole remaining claim. As to Ground Two, Petitioner alleges that there was insufficient evidence to convict him of both battery charges. Judge Gonzales noted that such a claim must be resolved by applying the evidence presented at trial with the elements of the offenses. Judge Gonzales concluded that since the State conceded in the concurrent state habeas case that the jury had not been properly instructed as to the elements of both battery offenses, the outcome of the state habeas proceeding could impact this proceeding. Judge Gonzales determined that it was in the interest of justice to stay the case as to Ground Two pending the outcome of the state district court habeas proceeding. (Doc. 28 at 12–13).

On December 29, 2014, the state district court dismissed Petitioner's state habeas corpus petition, finding that it "plainly appears that the Petitioner is not entitled to relief as a matter of law." (Doc. 29, Ex. J at 1). The state district court agreed with the NMCA's analysis of this case, and that fundamental error did not occur just because the element of scienter was omitted from the jury instructions. (*Id.* at 2). The state district court found that based on the evidence presented at trial, it would have been "plainly apparent to anyone, including Petitioner," that one victim was a health care worker attempting to take Petitioner's temperature and the other a peace officer. (*Id.* at 3). Thus, "[t]he element of knowledge was undisputed and apparent from the circumstances," and by finding Petitioner to be guilty of both offenses, the jury necessarily concluded that Petitioner had the requisite knowledge that the battery victims were a health care worker

4

and a peace officer, respectively. (*Id.*). The state district court held that the failure of the trial court to instruct the jury as to the element of scienter did not constitute fundamental error per se, and that it could imply from the jury's verdict and the circumstances of the case that the jury made the necessary findings on the missing element. (*Id.*).

This Court then ordered the parties to file supplemental briefs to assist it in resolving Ground Two in light of the state district court's denial of habeas relief. Respondents filed a timely Supplemental Brief, but Petitioner failed to file a response.

**II.     Analysis**

Petitioner argues that there was insufficient evidence to convict him of any crime. Respondents maintain that Petitioner is not entitled to federal habeas relief on either claim.

   A.     *Standard of Review*

This Court's ability to consider collateral attacks of state criminal proceedings is circumscribed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). "The conventional understanding of 'collateral attack' comprises challenges brought under . . . 28 U.S.C. § 2241, 28 U.S.C. § 2254, 28 U.S.C. § 2255, as well as writs of coram nobis." *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003). Under the highly deferential standard set forth in the AEDPA, if Petitioner's claims have been decided on the merits in state court proceedings, then the federal habeas court may only grant relief under two circumstances: (i) if the State court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States"; or (ii) if the State court decision "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

A state court decision is "contrary to" clearly established precedent when: (i) "the state court applies a rule that contradicts the governing law set forth in our cases," or (ii) "the state court confronts a set of facts that are materially indistinguishable from a decision of the [U.S. Supreme Court] and nevertheless arrives" at a different result. *See Williams v. Taylor*, 529 U.S. 362, 405, 406 (2000). "[A] federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *Id.* at 411; *see also Thomas v. Gibson*, 218 F.3d 1213, 1220 (10th Cir. 2000) (discussing *Williams*). A state court's factual determination shall be presumed to be correct, unless the § 2254 petitioner can rebut that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Smith v. Mullin*, 379 F.3d 919, 924–25 (10th Cir. 2004).

   B. <u>Sufficiency of the Evidence</u>

Petitioner identifies his remaining ground for relief as "sufficiency of the evidence," and contends that he was convicted "without any physical evidence." (Doc. 1 at 6). He also maintains that the state court record will reveal that there was conflicting testimony by the victims and witnesses at trial, and directs the Court generally to the Proposed

Amendment, attached as an exhibit to the Petition. *Id.* Respondents contend that the NMCA adjudicated this claim on the merits on direct appeal, and that the decision was not contrary to, or an unreasonable application of federal law. (Doc. 47). Further, they argue that the missing scienter element in the jury instructions was not fundamental error, does not affect Petitioner's sufficiency-of-the-evidence claim, and asks for this claim to be denied and the Petition dismissed in its entirety. (*Id.*).

### 1. *The Proposed Amendment Will Not Be Considered*

As an initial matter, the Court will not consider the Proposed Amendment in reviewing Petitioner's claim. As explained above, Petitioner filed the Proposed Amendment on direct appeal with the NMCA. The Proposed Amendment is a sweeping document that contains additional legal and factual arguments why Petitioner believes that his constitutional rights were violated.

A habeas petition must comply with the "heightened pleading" standard in accordance with the Rules Governing Section 2254 Cases in the United States District Courts. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Rules 2(a) through 2(c) set forth the minimum pleading requirements for the content of a § 2254 petition. In accordance with Rule 2(c),

> [t]he petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Thus, the habeas petitioner is required to summarily plead specific facts to support each of his grounds for relief.

> The U.S. Supreme Court has cautioned that,
>
> a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material . . . that does so.

*Baldwin v. Reese*, 541 U.S. 27, 32 (2004). The Court is further guided by the Tenth Circuit's strong discouragement of habeas petitioners seeking to incorporate other documents wholesale into their pleadings. *See Jernigan v. Jaramillo*, No. 11-2066, 436 Fed. Appx. 852, 856 (10th Cir. Aug. 17, 2011) (unpublished) (quoting *Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 623–24 (10th Cir. 1998) ("Like other circuit courts, we do not consider [incorporation by reference an] acceptable argument.")). When incorporation is as sweeping as it is here, there is "no good cause for treating this general disapproval as anything less than outright prohibition." *See Argota v. Miller*, No. 10-6251, 424 Fed. Appx. 769, 771 (10th Cir. May 31, 2011) (unpublished).

The Court recognizes that Fed. R. Civ. P. 10(c) permits incorporation by reference under limited circumstances.[2] However, the Court does not believe that Rule 10(c) is applicable in this case. Petitioner asks the Court to parse out relevant facts from a 15-page brief. Such a request certainly does not comply with the Rules. *See, e.g.*, *Young v. Addison*, No. 12-6060, 490 Fed. Appx. 960, 964 (10th Cir. July 30, 2012) (unpublished) (finding that 10(c) did not apply when petitioner asked to incorporate hundreds of pages of documents). The Court must hold the pro se petitioner's pleadings to a less stringent standard than those drafted by attorneys. *See Hall v. Bellmon*, 935

---

[2] Fed. R. Civ. P. 10(c) allows a party to incorporate statements in a pleading by reference elsewhere in the same pleading or in any other pleading or motion. It also explains that a "written instrument" attached as an exhibit to a pleading is a part of the pleading.

F.2d 1106, 1110 (10th Cir. 1991). However, the Court may not advocate for Petitioner. *See id.* The Court would certainly be stepping into the role as advocate if it read through the Proposed Amendment with an eye towards identifying the helpful facts and arguments in support of Petitioner's claim.

Although Petitioner has not asked to amend his Petition, the Court does not recommend providing him with additional opportunities to amend so as to bring it into compliance with the heightened pleading requirement. Petitioner has already supplemented his Petition three times since filing this case. Although the Court must grant the pro se petitioner some latitude, Petitioner is still required to follow the Federal Rules of Civil Procedure and the Rules applicable to section 2254 habeas actions. To allow Petitioner the opportunity to continuously amend and supplement the Petition so as to comport with the Rules at this stage of the proceedings would not promote judicial economy.

### 2.   *The NMCA's Decision Is Not Contrary to Federal Law*

In this case, the NMCA previously adjudicated Petitioner's claim that there was insufficient evidence to convict him of either battery crimes on the merits, and therefore the Court must apply the relevant AEDPA standards to that decision. Sufficiency of the evidence is a mixed question of law and fact, and therefore the Court asks whether the facts are correct and whether the law was properly applied to the facts, pursuant to both 28 U.S.C. § 2254(d)(1) and (d)(2). *Diestel v. Hines*, 506 F.3d 1249, 1267 (10th Cir. 2007).

Petitioner's constitutional challenge to the sufficiency of the evidence presented at

trial by the prosecution in securing his conviction must be reviewed pursuant to the analysis set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). The Due Process Clause guarantees that a person may only be convicted of a crime if there is sufficient proof to support the conviction. *Id.* at 316. "[T]he test to determine the sufficiency of evidence in New Mexico, which is the same as enunciated in *Jackson*, is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126. Sufficient proof is the evidence that is necessary to convince any rational trier of fact beyond a reasonable doubt of the existence of every element of the offense. *Williams v. Illinois*, 132 S. Ct. 2221, 2238 n.8 (2012) (citing *Jackson*, 443 U.S. at 316); *see also Sutphin*, 1988-NMSC-031, ¶ 21. In reviewing the sufficiency of the evidence to support a conviction, the Court views the evidence in the light most favorable to the prosecution. *Jackson*, 443 U.S. at 319; *Sutphin*, 1988-NMSC-031, ¶ 21. Judicial review "does not focus on whether the trier of fact made the *correct* guilt or innocence determination, but rather whether it made a *rational* decision to convict or acquit." *Herrera v. Collins*, 506 U.S. 390, 402 (1993).

    First, a court inquiring whether there was insufficient evidence to convict a defendant of a crime should look to New Mexico state law to determine the substantive elements of the relevant criminal offense. *See Jackson*, 443 U.S. at 324 n.16; *Valdez v. Bravo*, 373 F.3d 1093, 1097 (10th Cir. 2004). In this case, Petitioner was convicted of one count of battery upon a healthcare worker and one count of battery upon a peace officer.

    Conviction for battery upon a healthcare worker would require findings that

Petitioner: (i) intentionally or unlawfully touched or applied force to the healthcare worker; (ii) acted in a rude, insolent, or angry manner; and (iii) at the time of the incident the victim was a healthcare worker in the lawful discharge of his duties. *See* NMSA 1978, § 30-3-9.2(E) (2006). As Respondents point out in their Supplemental Brief, the NMCA noted that evidence was presented at trial that while Petitioner was being admitted at the Four Winds Recovery Center, he was hostile and yelling, tried to punch the healthcare worker, and then head butted the healthcare worker in an attempt to move past him to attack the police officer. (Doc. 9, Ex. F at 7 citing Record Proper ("RP") 46). The healthcare worker testified that he was completing Petitioner's intake when the incident occurred. (*Id.*). The record reveals that Petitioner testified that his actions were provoked by the healthcare worker because the healthcare worker grabbed his wrists from behind. (Doc. 9, Ex. F at 7 citing RP 47).

Conviction for battery upon a peace officer requires findings that Petitioner: (i) intentionally or unlawfully touched or applied force to the peace officer; (ii) acted in a rude, insolent, or angry manner; and (iii) at the time the victim was a peace officer while in the discharge of his duties. *See* NMSA 1978, § 30-22-24. The NMCA noted that evidence was also presented that the police officer arrested Petitioner for being intoxicated in public, and then took him to the Center for detoxification when the incident occurred. (Doc. 9, Ex. F at 7 citing RP 45). Petitioner was combative and angry with the police officer and threatened him. *Id.* The officer testified that Petitioner threw his body against him. *Id.* The healthcare worker also stated that he saw Petitioner attack the police officer with his free hand. (RP 46). Petitioner testified that he never threw any punches during the incident, and that the healthcare worker and police officer ran into

11

him. (RP 47).

The NMCA reviewed the evidence under the "substantial evidence standard of review," defining substantial evidence as that evidence which a reasonable person would consider adequate to support a defendant's conviction. *See State v. Sparks*, 1985-NMCA-004, ¶ 6, 102 N.M. 317. The NMCA noted that Petitioner's version of the events differed from the victims' versions, but that it was the jury's prerogative as fact-finder to weigh all of the evidence and assess the credibility of the witnesses. (Doc. 9, Ex. F. at 7–8). The NMCA concluded that evidence in the record was sufficient for Petitioner to be convicted of both battery offenses. *Id.*

The NMCA also addressed Petitioner's motion to amend the docketing statement to include his claim that the jury was not instructed properly on the element of scienter as to each offense. In denying Petitioner's motion, the NMCA noted that the argument was not preserved at trial because Petitioner never argued that he did not have the requisite knowledge that the victims were a healthcare worker and a peace officer, and therefore it could review the decision only for fundamental error. (Doc. 9, Ex. F at 2). The NMCA found that Petitioner battered the healthcare worker while the worker was performing his job during Petitioner's intake at the detoxification center. (*Id.* at 2–3). The NMCA further noted that Petitioner battered the peace officer, who had previously transported him to the detoxification center, when the officer attempted to assist the healthcare worker during the intake process. (*Id.* at 3). The NMCA therefore concluded that the element of knowledge was undisputed and apparent from the circumstances, and therefore no fundamental error occurred in instructing the jury on the elements of battery. (*Id.*).

The state district court reached the same conclusion as the NMCA. (Doc. 29, Ex.

J). The state district court determined that it was well-established by the evidence presented at trial that the victims of Petitioner's crimes were a healthcare worker and a peace officer, respectively. (*Id.* at 2–3) (observing, for example, that the healthcare worker was attempting to take Petitioner's temperature when Petitioner battered him). Thus, the state habeas court concluded that "[t]he element of knowledge was undisputed and apparent from the circumstances," and the jury's verdicts of guilt necessarily included a finding on the missing elements. (*Id.* at 3).

In the matter before this Court, Petitioner has failed to come forward with any evidence to demonstrate that at the time of the incident, he lacked the requisite knowledge that one of his victims was a healthcare worker and the other a peace officer. He does not even baldly assert such was the case. It is Petitioner's burden to rebut the presumption of correctness of the state court's decision by clear and convincing evidence pursuant to 28 U.S.C. § 2254(e). Petitioner has not asserted any colorable arguments that the NMCA and state district court's decisions were contrary to, or an unreasonable application, of federal law. Insofar as it is necessary for this Court to consider the elements of battery and how they were instructed to the jury at trial in resolving Petitioner's sufficiency-of-the-evidence claim, the Court finds that the state court did not commit error and Petitioner has not met his burden of proving that he is entitled to habeas relief.

In reviewing the record for sufficiency of the evidence pursuant to the Due Process Clause, the Court may not weigh conflicting evidence or consider the credibility of witnesses. *See Lucero v. Kerby*, 133 F.3d 1299, 1312 (10th Cir. 1998). Thus, the Court must "accept the jury's resolution of the evidence as long as it is within the bounds

of reason." *Id.* (quotations omitted). Finally, in examining these types of challenges, a federal court owes a state court's decision "deference squared." *Young v. Sirmons*, 486 F.3d 655, 666 n.3 (10th Cir. 2007) (quotations omitted).

After reviewing the evidence and applicable standards, the Court finds that the jury could have reasonably resolved the conflicting testimony against Petitioner. Though Petitioner argues that he was provoked in the attack, no witnesses corroborated his version of events. The mere fact that the victims' testimony was not consistent with Petitioner's does not establish a constitutional violation, particularly as a jury need not accept Petitioner's version of the incident. *See Torres v. Mullin*, 317 F.3d 1145, 1153 (10th Cir. 2003). Under those circumstances, the Court must resolve any conflicts in favor of the prosecution. *Jackson*, 443 U.S. at 319. The NMCA conducted a substantially similar analysis of the evidentiary record to conclude that there was sufficient evidence to support Petitioner's conviction. Taking the evidence in the light most favorable to the prosecution, the Court is in agreement with the NMCA: Petitioner has failed to meet his high burden of demonstrating that there was insufficient evidence to convict him of both battery counts. Therefore, the Court will find that the decision of the NMCA is not contrary to, or an unreasonable application, of federal law. Nor is it an unreasonable determination of the facts presented during the trial.

Petitioner also argues that his conviction was improper because there was no physical evidence of his crimes. However, Petitioner has not made a "substantial showing" that he had a federal right to be connected to the crimes with physical evidence in light of the eyewitness testimony of the victims and witnesses. *See United States v. Mendez-Zamora*, 296 F.3d 1013, 1018 (10th Cir. 2002). Further, due process does not

require any particular type of proof to convict, and various categories of evidence will suffice. *See, e.g.*, *United States v. Magallanez*, 408 F.3d 672, 681 (10th Cir. 2005) ("Lack of physical evidence does not render the evidence that is presented insufficient.").

For all of the foregoing reasons, the Court recommends that Petitioner's sufficiency-of-the-evidence claim for habeas relief be dismissed with prejudice.

## III.    Conclusion

The Court finds that Petitioner has not set forth sufficient grounds to demonstrate that he is entitled to federal habeas relief. For the reasons discussed above, the Court **RECOMMENDS** that the Petition be denied, and that the sole remaining claim of the Petition, be dismissed with prejudice, and a Certificate of Appealability be denied.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE