IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRYANE SANDOVAL,

        Applicant,

v.                                                          No. CV 14-191 KG/CG

JAMES JANECKA, et al.,

        Respondents.

## ORDER DENYING PETITIONER'S FED. R. CIV. P. 60(B) MOTION

**THIS MATTER** comes before the Court on Petitioner's Motion for Relief from the Court's Order, filed April 24, 2015. (Doc. 36). On February 6, 2015, the Court dismissed three of the four grounds for habeas relief that Petitioner brought pursuant to 28 U.S.C. § 2254. (Doc. 28). Petitioner asks the Court to reconsider its Order, but only with regards to its decision to dismiss Ground One without prejudice.

A party may object to an order or decision through a motion to alter or amend the judgment within 28 days after the judgment is entered, pursuant to Fed. R. Civ. P. 59(e). Regardless of how it is styled, a post-judgment motion that is filed within 28 days of the final judgment which questions the correctness of the judgment is properly construed as a Rule 59(e) motion. *See Venable v. Haislip*, 721 F.2d 297, 299 (10th Cir. 1983) (discussing Rule 59(e) in the context of the pre-2009 Amendment to the Rules). If the motion is filed outside of the 28-day deadline, as was the case here, it is considered a motion for relief from judgment under Rule 60(b). *See Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). Therefore the Court will consider it as a motion for relief from a final judgment, order, or proceeding pursuant to Fed. R. Civ. P. 60(b).

A Rule 60(b) motion for relief from a judgment or order should only be granted for the

following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justified relief. FED. R. CIV. P. 60(b).

As his first ground for habeas relief, Petitioner alleged that he received "disparate treatment," resulting in the violation of his equal protection and due process rights, as secured by the Fourteenth Amendment, the New Mexico Detoxification Reform Act, and federal antitrust policy. The Court dismissed Ground One because it determined that Petitioner failed to meet the heightened pleading requirement contained in the Rules Governing Section 2254 Cases in the United States District Courts. The Court found that none of Petitioner's allegations provided the necessary factual support for his claim that his constitutional rights were violated as a result of "disparate treatment," and that Rule 4 required dismissal of the claim because Petitioner had "fail[ed] to allege facts that state a constitutional violation." *See Boutwell v. Keating*, 399 F.3d 1203, 1211 (10th Cir. 2005).

Now, Petitioner requests relief from the Court's order dismissing Ground One, for reasons that appear to relate to the dismissal of a separate petition for writ of habeas corpus that he filed in the case Sandoval v. Janecka, No. D-1116-CR-2011010454, in the Eleventh Judicial District Court of the State of New Mexico. In that case, he requested habeas relief from the state district court for the reasons that the jury that convicted him was improperly instructed on the essential elements of battery, Petitioner did not receive effective assistance of counsel, and

Petitioner was denied equal protection under the law. (Doc. 9, Ex. M). On December 29, 2014, the state district court dismissed Petitioner's state habeas corpus petition, holding that it "plainly appears that the Petitioner is not entitled to relief as a matter of law." (Doc. 29, Ex. J at 1).

Petitioner now argues that he is entitled to relief from this Court's prior judgment because he was proceeding without counsel in the state habeas matter, and that he did not petition for a writ of certiorari to the New Mexico Supreme Court as a result of being unrepresented. (Doc. 36 at 1). He further claims that he lacked law library access, and that the state habeas petition was dismissed before the state district court held an evidentiary hearing. (Id. at 2). He also discusses generally his remaining ground for relief in this case, which is a sufficiency-of-the-evidence claim, and his request for a certificate of appealability as to Ground One that was denied by this Court.

None of these reasons would permit the Court to grant Petitioner relief under Rule 60(b). Petitioner does not suggest or allege mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; that the judgment is void; that the judgment has been satisfied, released or discharged, is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or any other compelling reason that otherwise would justify the extraordinary relief he has requested. The Court must hold the pro se petitioner's pleadings to a less stringent standard than those drafted by attorneys. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court may not advocate for Petitioner. *See id.*

Thus, Petitioner has failed to demonstrate that he is entitled to relief from the Court's previous order dismissing Ground One. Upon review of the Magistrate Judge's *Proposed Findings and Recommended Disposition* and the Court's Order adopting those findings, the

Court finds no error or other reason to grant relief Rule 60(b).

**IT IS THEREFORE ORDERED** that Motion for Relief from the Court's Order, (Doc. 36), be **DENIED**.

_____
UNITED STATES DISTRICT JUDGE